IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| THOMAS MOWER,<br><br>    Plaintiff,<br><br>vs.<br><br>IDEAL HEALTH INC., a Nevada corporation, TTN, LLC DBA THE TRUMP NETWORK, a Massachusetts limited liability company, TODD STANWOOD, SCOTT STANWOOD, and LOUIS DECAPRIO,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT<br><br><br><br>Case No. 2:12-CV-230 TS |

This matter is before the Court on Plaintiff's Motion for Default Judgment. Plaintiff seeks default judgment against Defendants Todd Stanwood, Scott Stanwood, Louis DeCaprio, Ideal Health, and TTN. For the reasons discussed below, the Court will grant Plaintiff's Motion.

I.  BACKGROUND

On November 6, 2012, the Court issued a memorandum decision and order denying individual Defendants Todd Stanwood, Scott Stanwood, and Louis DeCaprio's (the "Individual Defendants") Motion to Dismiss and ordering that Defendants Ideal Health and TTN (the "Entity

1

Defendants") had 21 days to obtain legal counsel and file an appropriate response to Plaintiff's First Amended Complaint.[1]  Under Fed. R. Civ. P. 12(a)(4)(A), the Individual Defendants were required to file a responsive pleading following the Court's denial of their motion to dismiss "within 14 days after notice of the court's action . . . ."

On December 13, 2012, the Court issued an order to show cause, ordering Defendants to show cause in writing, why the Entity Defendants have failed to file a notice of appearance or respond to Plaintiff's First Amended Complaint.  The Court warned Defendants that a failure to respond to the order may result in sanctions, up to and including default judgment.[2]

On March 4, 2013, noting that the Entity Defendants had not yet complied with the Court's order, and further noting that the Individual Defendants had not filed a responsive pleading in compliance with Fed. R. Civ. P. 12(a)(4)(A), the Court issued a second order to show cause.  The Court ordered all Defendants to show cause "within twenty-one (21) days in writing, why they have failed to file a notice of appearance or responded to Plaintiff's First Amended Complaint."[3]  Out of an abundance of caution, the Court again informed Defendants that a failure to respond to the Court's order "may result in sanctions, up to and including default judgment being entered against Defendants."[4]

---

[1] Docket No. 21, at 13.

[2] Docket No. 22, at 1-2.

[3] Docket No. 23, at 2.

[4] *Id.*

To date, the Entity Defendants have not filed a notice of appearance of counsel or responded to Plaintiff's First Amended Complaint. Likewise, the Individual Defendants have not filed a responsive pleading to Plaintiff's First Amended Complaint.

## II. DISCUSSION

Plaintiff moves for default judgment as a result of Defendants' failure to comply with the Court's orders. Fed. R. Civ. P. 16(f)(1)(c) provides that a court "may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a . . . pretrial order." Rule 37(b)(2)(A) provides for certain sanctions, including:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

"A district court . . . has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules. Such sanctions may include dismissing the party's case with prejudice or entering judgment against the party."[5] "[D]ismissal or other final disposition of a party's claim 'is a severe sanction reserved for the extreme case, and is only appropriate where a lesser sanction would not serve the ends of justice.'"[6] In applying such a sanction, the district court must consider the following factors:

---

[5] *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) (citing *Hancock v. City of Okla. City*, 857 F.2d 1394, 1396 (10th Cir. 1988)).

[6] *Id.* (quoting *Hancock*, 857 F.2d at 1396).

(1) the degree of actual prejudice to the opposing party, (2) the degree of interference with the judicial process, (3) the litigant's culpability, (4) whether the litigant was warned in advance that dismissal was a likely sanction, and (5) whether a lesser sanction would be effective.[7]

Considering these factors, the Court finds that default judgment is appropriate. First, the Court finds Plaintiff has been prejudiced by the Entity Defendants' failure to appear and all Defendants' failure to participate in this action or comply with the Court's orders. Without Defendants' appearance and participation, Plaintiff has been unable to proceed with this litigation. Second, for essentially the same reasons, the Court finds that Defendants' actions have interfered with the judicial process. Third, the Court finds that Defendants are highly culpable. Defendants were informed on multiple occasions of what was required of them and the possible consequences of noncompliance, but have taken no action. Fourth, as set forth above, the Court warned that sanctions, including default judgment, may be entered if Defendants failed to appoint counsel or otherwise appear. Finally, the Court finds that lesser sanctions would not be adequate as Defendants have failed to participate in this action and there is no indication that they intend to do so.

### III.  CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion for Entry of Default Judgment (Docket No. 25) is GRANTED.

The Court will enter judgment by separate order.

---

[7] *LaFleur v. Teen Help*, 342 F.3d 1145, 1151 (10th Cir. 2003) (internal quotation marks and citations omitted).

DATED   May 13, 2013.

                                      BY THE COURT:

                                      _____

                                      TED STEWART
                                      United States District Judge